387 So.2d 1175 (1980)
STATE of Louisiana
v.
Robert J. STEELE.
No. 67039.
Supreme Court of Louisiana.
September 3, 1980.
Concurring Opinion September 24, 1980.
*1176 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., G. Fred Ours, Louise Korns, Asst. Dist. Attys., Russell Stegeman, Legal Intern, for plaintiff-relator.
Carey R. Varnado, Jacob Kansas, New Orleans, for defendant-respondent.
WATSON, Justice.
The State proceeded to prosecute Steele for negligent injuring subsequent to a plea bargain under which he pled guilty to D.W.I. and the State dismissed a charge of reckless driving. Steele contends that he is being subjected to double jeopardy and the trial court granted his motion to quash. The issue is whether there is double jeopardy under the "same evidence test".
On August 16, 1979, defendant, Robert J. Steele, attempted to change lanes near the intersection of St. Claude Avenue and Desire Street in New Orleans. His car struck a taxi and propelled it into a pedestrian, Charlotte Nesbitt, standing on the corner. Steele was arrested and charged with reckless operation of a vehicle, driving while intoxicated and negligent injuring. As a result of a plea bargain in Traffic Court for the City of New Orleans, the charge of reckless operation of a vehicle was dismissed and Steele pleaded guilty to driving while intoxicated. Subsequently, the State *1177 undertook to proceed on the negligent injuring charge in Criminal District Court. The trial court quashed the charge on the ground of double jeopardy. Upon application of the State, a writ of certiorari was granted to review that ruling.
Both the Louisiana and United States Constitutions prohibit placing a person twice in jeopardy of life or limb for the same offense. United States Constitution, Amendment 5; Louisiana Constitution of 1974, Art. 1, § 15.
LSA-C.Cr.P. art. 596 provides:
"Double jeopardy exists in a second trial only when the charge in that trial is:
"(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
"(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
Separate statutory crimes need not be identical in constituent elements or in actual proof to be the same within the meaning of the constitutional prohibition. Brown v. Ohio, 423 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); 1 J. Bishop, New Criminal Law, § 1051 (8th ed. 1892); Comment, Twice in Jeopardy, 75 Yale L.J. 262, 268-269 (1965); State v. Doughty, 379 So.2d 1088 (La., 1980).
The test enunciated by the United States Supreme Court for determining whether two offenses are the same for double jeopardy purposes is whether each statute requires proof of an additional element which the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
The "same evidence" test is used in Louisiana. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); State v. Didier, 262 La. 364, 263 So.2d 322 (1972). If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. See State v. Doughty, supra.
The "same evidence test" is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.
The test must be applied first to the charge of D.W.I. and negligent injuring. The two crimes in question do not, according to their definitions, appear to be the same offense. Operating a vehicle while intoxicated is defined as "the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbituates." LSA-R.S. 14:98(A). Negligent injuring is "the inflicting of any injury upon the person of another by criminal negligence." LSA-R.S. 14:39. Clearly, there are several elements involved in D.W.I. which are not involved in negligent injuring while the latter charge involves elements not required in D.W.I. The same evidence could not convict of both charges.
Thus, each offense requires proof which the other does not and the two offenses are not subject to a double jeopardy plea.
The "same evidence test" must next be applied to the charges of reckless driving and negligent injuring, since the reckless driving charge was dismissed as a result of a plea bargain and could not be resurrected against defendant. Reckless operation of a vehicle is defined in LSA-R.S. 14:99 as "the operation of any motor vehicle, aircraft, vessel, or other means of conveyance in a criminally negligent or reckless manner." Under a theoretical application of the Blockburger test, each crime requires proof of an element that the other does not. Reckless operation requires proof that some type of a vehicle was being utilized; negligent injuring does not. Negligent injuring requires proof of an injury; reckless operation does not.
*1178 Under the same evidence test, applied in the context of the present case, the proof of the second offense, i. e., driving the vehicle in a criminally negligent manner and injuring the pedestrian would have been sufficient to convict of the first offense, i. e., reckless driving. Therefore, the prosecution of defendant for negligent injuring following the dismissal of the reckless operation charge amounted to a violation of the plea bargain with the defendant by the State. The State was relabeling the offense to charge defendant a second time with the same criminal conduct.
For the reasons assigned, the judgment of the trial court granting defendant's motion to quash based on double jeopardy is affirmed.
AFFIRMED.
DENNIS, J., concurs with reasons.
BLANCHE, J., dissents.
MARCUS, J., dissents and assigns reasons.
DENNIS, Justice, concurring.
I respectfully concur.
Applying the distinct fact test, see Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); State v. Doughty, 379 So.2d 1088 (La.1980), there is only one offense in this case because the evidence required to support a conviction on the negligent injuring charge would have been sufficient to warrant a conviction on the reckless driving charge. No additional fact, beyond that necessary to prove the negligent injuring charge, was required to warrant a conviction on the reckless driving charge.
MARCUS, Justice (dissenting).
I disagree with the majority's finding that the prosecution of the negligent injuring charge constitutes double jeopardy. Louisiana applies the "same evidence test" for determining the identity of offenses where the plea of double jeopardy is raised. In State v. Nichols, 337 So.2d 1074 (La. 1976), we stated:
[T]wo offenses are the same for double jeopardy purposes if the same evidence is required for the conviction of each offense. If one offense requires proof of additional facts which the other does not, then the accused may be tried and convicted on both offenses. State v. Cain, 324 So.2d 830 (La.1975), citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), unless the gravamen of the second offense is essentially included within the offense for which first tried, in which case the second prosecution is barred because of the former jeopardy. State v. Smith, 323 So.2d 797 (La.1975); City of Baton Rouge v. Jackson, 310 So.2d 596 (La.1975); State v. Didier, 262 La. 364, 263 So.2d 322 (1972); State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); State v. Foster, 156 La. 891, 101 So. 255 (1924); State v. Roberts, 152 La. 283, 93 So. 95 (1922).
The majority correctly concluded that the same evidence could not convict the defendant of both the driving while intoxicated and the negligent injuring charge. However, when the same evidence test is applied to the reckless operation of a vehicle and the negligent injuring charge, the result does not require the dismissal of the subsequent prosecution because the negligent injuring charge requires proof of an additional fact not essential to a charge of reckless operation of a vehicle, i. e., the injuring of a person. Furthermore, the gravamen of the negligent injuring charge is not essentially included within the reckless operation of a vehicle offense. The gravamen of negligent injuring is "the inflicting of any injury upon the person of another by criminal negligence." La.R.S. 14:39. The reckless operation of a vehicle charge requires criminal negligence or recklessness while operating a vehicle but does not require an injury to the person of another. La.R.S. 14:99. Therefore, the gravamen of the second offense (negligent injuring) is not essentially included within the first offense (reckless operation of a vehicle).
Had the opposite situation occurred, i. e., defendant had plea bargained to the negligent injuring charge and subsequently been *1179 prosecuted on the reckless operation charge, then the prosecution would be barred due to former jeopardy because the gravamen of the reckless operation charge, i. e., criminal negligence, would be included within the negligent injuring charge.
Accordingly, I respectfully dissent.