SAVOIE, Judge.
Defendant, Mark Louis Blache, was charged by bill of information with possession of a firearm by a convicted felon and attempted second degree murder. Blache pled not guilty. These charges were severed and Blache was tried for possession of a firearm by a convicted felon under La.R.S. 14:95.1. A jury found Blache not guilty. He was then tried in a bench trial for attempted second degree murder, pursuant to La.R.S. 14:27 and 14:30.1. The trial judge found Blache guilty of a lesser included offense, aggravated battery, under La.R.S. 14:34. Blache was sentenced to five years in the custody of the Secretary of the Department of Corrections on the aggravated battery conviction, five years to run concurrently thereto pursuant to La.C.Cr.P. 893.1, without benefit of parole, probation or suspension of sentence and pursuant to La.R.S. 14:95.2, two years to run consecutive thereto without the benefit of parole, probation or suspension of sentence. Blache now appeals his conviction and sentence, alleging eight assignments of error.[1]
FACTS
On the evening of April 1, 1982, an altercation arose between Blache and five boys in his neighborhood. The boys ranged in age from fourteen to early twenties. The incident took place in the street in front of Blache’s house. At some point during the confrontation, one of the boys struck Blache in the head with a blunt instrument. Another of the boys tackled Blache’s friend, who had been standing nearby. Blache staggered from the blow, then ran into his house. Seconds later, Blache emerged with a loaded shotgun. The five boys ran from the scene of the altercation. Even so, Blache fired three times, striking three of the boys. None of the three boys were seriously injured, though each received medical attention. Blache sustained a significant head trauma.
Because Blache was on probation for a conviction of simple burglary at the time of the incident, he was charged with possession of a firearm by a convicted felon, as well as attempted second degree murder. Following Blache’s acquittal on the first charge, he moved to quash the bill of information on the charge of attempted second degree murder. This motion was denied and Blache was tried and then convicted of the lesser included offense of aggravated battery.
ASSIGNMENTS OF ERROR NUMBERS 1, 2 AND 3
Blache has alleged that the trial court erred in failing to grant a motion to quash the bill of information on the charge of attempted second degree murder and erred in allowing the prosecution of defendant on said charge. Blache has asserted that his constitutional right against double jeopardy has been violated. U.S. Const. amend. V; La., Const. art. I, § 15.
In support of these assignments of error, Blache maintained that the charge of attempted second degree murder arose from *1085 the same continuous act which resulted in his prosecution for possession of a firearm by a convicted felon. Blache further contends that the same evidence was introduced in support of both prosecutions.
An individual may not be tried a second time on a charge which is identical to or a lesser grade of an offense for which the defendant was in jeopardy in the first trial. Nor may a defendant be tried on a charge which was based on a part of a continuous offense for which the defendant was in jeopardy in a prior trial. State v. Knowles, 392 So.2d 651 (La.1981); C.Cr.P. art. 596.
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the test was established for determining whether two offenses are the same for purposes of double jeopardy. The Court found that two offenses are not the same if each requires proof of an additional element which the other does not. State v. Steele, 387 So.2d 1175 (La.1980).
Louisiana courts have developed a somewhat broader concept than Blockbur-ger, supra, for protecting an individual from being placed in jeopardy for the same course of conduct. This concept is the “same evidence” test. In explaining the “same evidence” test, the Court in Steele, supra, stated at p. 1177:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
The elements of attempted second degree murder are:
1. A specific intent to kill or inflict great bodily harm upon a human being, and
2. An act or omission tending directly toward the accomplishment of that objective.
See La.R.S. 14:27 and 14:30.1.
The elements of possession of a firearm by a convicted felon, La.R.S. 14:95.1, are:
1. A prior felony conviction (as enumerated in the statute), and
2. Possession of a firearm.
Each of the above cited crimes requires proof of an additional fact that the other does not. In the case of attempted second degree murder, the prosecution must establish the element of specific intent to kill or greatly harm a human being. Such is not an element of the charge of possession of a firearm by a convicted felon. Further, attempted second degree murder requires proof of an act or omission tending directly toward the killing of or the infliction of great bodily harm to a human being. This is not an element of proof in the charge of possession of a firearm by a convicted felon. In the latter crime, the elements are a prior felony conviction and possession of the firearm. The element of the prior conviction is certainly an additional fact not required for proof of attempted second degree murder. Under the Blockburger, supra, test, double jeopardy would not attach.
Likewise, jeopardy would not attach under the “same evidence” test. The evidence required to support a finding of guilt for second degree murder is not the same evidence required to support a finding of guilt for possession of a firearm by a convicted felon. The elements of each crime differ significantly, requiring differing evidence to establish these elements. The fact that the same evidence, overall, may have been introduced in each trial does not necessarily give rise to a violation of the protection against double jeopardy. Steele, supra.
Accordingly, Blache’s first, second, and third assignments of error are without merit.
ASSIGNMENT OF ERROR NUMBER 4
Defendant has alleged that the trial court erred in permitting him to be tried on the charge of attempted second degree *1086 murder. Defendant contends that said prosecution was barred by the doctrine of collateral estoppel.
Collateral estoppel is an aspect of double jeopardy. The doctrine would bar a prosecution on a second offense if the defendant had, in a prior trial, been acquitted of a factually related offense and the acquittal was based on a factual element that is also an essential element of the second offense. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
The Court in Ashe, supra, concluded that once an issue of ultimate fact has been determined, and a valid final judgment rendered, that issue of fact may not be relitigated between the same parties. The court is, therefore, required to determine what issue of ultimate fact was resolved in Blache’s previous trial for possession of a firearm by a convicted felon and if that issue is an essential element to the charge of attempted second degree murder.
There is no disagreement that one incident gave rise to both charges for which defendant was tried. However, if the trier of fact could have grounded its verdict on an issue other than that which defendant seeks to foreclose from consideration, collateral estoppel is inapplicable. Ashe, supra; Knowles, supra. Blache has asserted that the “substance of proof at both trials was identical.”
Blache contends that the ultimate issues of fact in both trials were his possession of the shotgun and the evidence supporting his justification for said possession (i.e., the severe head trauma, his defense of self and friend).
Even so, the ultimate issues of fact in Blache’s trial for second degree murder were not identical to those in the first trial. In the first trial, the ultimate issue of fact was Blache’s status as a convicted felon and his unjustified possession of a firearm. In Blache’s trial for attempted second degree murder, the ultimate issues of fact were his intent to kill or inflict great bodily harm upon the victims and his use of the shotgun in fulfilling that objective. Justification in possessing a firearm does not necessarily constitute justification in using that firearm; the two issues are distinct.
For these reasons, Blache’s fourth assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 5
Blache has alleged that the trial court erred in failing to give sufficient weight to the medical evidence introduced relative to the severe head trauma. Blache contends that the blow to his head temporarily disoriented him, rendering him incapable of forming either specific or general intent.
Specific intent is an element of the charge of attempted second degree murder. La.R.S. 14:27, 14:30.1. Blache argues that the testimony of Dr. Mark James precludes a finding of said intent. Dr. James testified that Blache sustained significant head trauma which could have momentarily disoriented defendant. However, Blache testified that as soon as he was hit, he fell, then started running. He said he ran for the shotgun because he believed his friend was being beaten.
In spite of Blache's testimony that he was not aiming at the victims, he did fire three shots and hit three boys. Furthermore, Blache had the presence of mind immediately following the shooting, to drive through the neighborhood and discard the shotgun.
Deputy Brian White questioned Blache after the shooting. When asked whether Blache seemed dazed or disoriented, Deputy White testified that he appeared angry. Approximately fifteen minutes after the incident, Fred Cain saw Blache. Cain testified that Blache said that he was trying to kill the victims.
Blache’s condition at the time of the shooting is a factual matter. This court in State v. Johnson, 446 So.2d 1371, 1375 (La.App. 1st Cir.1984), stated:
A determination of the weight of evidence is a question of fact. This Court has no appellate jurisdiction to review questions of fact in criminal cases. La. *1087 Const. of 1974, art. V, Sec. 10(B). Thus, a determination of the evidence rests solely in the sound discretion of the trier of fact and is not reviewable on appeal.
The trial court weighed the testimony of the witnesses and found that Blache had the requisite intent to support a verdict of guilty of aggravated battery. This court finds no basis for overruling that determination.
Blache’s fifth assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 6
Blache alleges that the trial court erred in failing to find Blache justified in using a shotgun during the incident. Blache reurges his disoriented mental state and argues that one of the victims committed aggravated battery upon defendant.
The trial judge, as the trier of fact, weighed the evidence that the state and defendant introduced. As discussed in Johnson, supra, the trier of fact is to determine the weight of the evidence.
Accordingly, Blache’s sixth assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 7
Blache alleges that the trial court erred in compounding Blache’s sentences for use of a firearm when a jury had already found him innocent in connection with the use of a firearm. Blache’s conclusion drawn from his acquittal is incorrect. He was not found innocent in connection with the use of a firearm. Rather, the ultimate fact determined from his acquittal was his justification for possessing a firearm. As has already been stated, justification in possessing the firearm is distinct from justification in the use of the firearm.
Therefore, Blache’s seventh assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 8
Blache finally contends that the trial court erred in imposing such a harsh sentence on Blache although acknowledging that had it not been for Blache’s conviction of simple burglary at the age of eighteen, he would have granted a probated sentence under the facts and circumstances of this case. A review of the record reveals that in sentencing Blache, the trial court originally sentenced the defendant to serve two years pursuant to his conviction. However, after this sentence was pronounced, the state called the mandatory sentence provision of C.Cr.P. art. 893.1 to the court’s attention. At that point, the two year sentence was vacated and set aside by the court. The trial court sentenced Blache to a five-year term of confinement for the aggravated battery conviction. Additionally, the trial court relied upon C.Cr.P. art. 898.1 in sentencing Blache to a concurrent term of five years without benefit of parole, probation or suspension of sentence. This article sets forth mandatory penalties for using a firearm during the commission of a felony. The trial court also sentenced Blache to an additional two-year consecutive term of imprisonment, without benefit of parole, probation or suspension of sentence, in accordance with La.R.S. 14:95.2.
We note that under the provisions of La.R.S. 14:34, La.C.Cr.P. art. 893.1 and La. R.S. 14:95.2, the sentence Blache received was the minimum the trial court was allowed to impose. Further, we find that assignment of error number 8 deals with the two-year sentence which the trial court vacated and set aside.
Accordingly, assignment of error number 8 is without merit.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.
EDWARDS, J., concurs in the result.

. Though defendant filed eight assignments of error pursuant to C.Cr.P. arts. 844 and 920, he briefed nine on appeal. The ninth error raised the trial court’s failure to order the proceedings transcribed from defendant’s trial on the charge of possession of a firearm by a convicted felon. In accordance with State v. Spears, 350 So.2d 603 (La.1977) and State v. Jarreau, 444 So.2d 340 (La.App. 1st Cir.1983), this court will not consider an assignment of error which was not filed with the trial court or not discoverable by mere inspection of the pleadings and proceedings without inspection of the evidence. Therefore, defendant’s ninth assignment of error has been omitted from consideration.