# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


# KA 06-262



**STATE OF LOUISIANA**

**VERSUS**

**DONALD O'CONNOR**



**\*\*\*\*\*\*\*\*\*\***

ON APPEAL FROM THE
FOURTEETH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 18721-03
HONORABLE G. MICHAEL CANADAY, PRESIDING
**\*\*\*\*\*\*\*\*\*\***


# SYLVIA R. COOKS
# JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, John D. Saunders and Marc T. Amy, Judges.

**MOTION TO QUASH AFFIRMED.**

**John F. DeRosier, District Attorney**
**Sharon Darville Wilson, Assistant District Attorney**
**Carla S. Sigler, Assistant District Attorney**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**James E. Boren**
**830 Main Street**
**Baton Rouge, LA 70802**
**(225) 387-5786**
**COUNSEL FOR DEFENDANT-APPELLANT:**
      **Donald O'Connor**

**COOKS, Judge.**

The Defendant, Donald O'Connor was in business with Robert Trost. As a part of their business relationship, Defendant and Trost entered into a non-compete agreement with Trost. According to Trost, Defendant violated that agreement, so he filed a civil lawsuit against him. A preliminary injunction based on the non-compete agreement between the parties was issued in that proceeding. The parties consented to its issuance on August 1, 2003.

On October 3, 2003, Trost filed a motion for contempt alleging Defendant failed to abide by the preliminary injunction. In a civil proceeding titled *Robert Trost, Sr. v. Donald O'Connor*, Docket No. 03-3741, Judge David Painter held Defendant in contempt of court for violating the terms of the preliminary injunction. He was sentenced to serve twelve months in the parish jail, with all but 25 days suspended, to pay a fine of one thousand dollars, and he was placed on probation until July 7, 2005.

On September 29, 2003, Defendant was charged with committing one count of theft over five hundred dollars, in violation of La.R.S. 14:67, in Docket No. 18721-03. On May 16, 2005, he filed a Motion to Quash, urging double jeopardy predicated on the assertion that the September 29, 2003 bill of information charged him with the same conduct for which he had been punished in the contempt proceeding referenced above. Judge Michael Canaday subsequently denied the Motion to Quash.

From the denial of this motion, Defendant filed an appeal with this court, which was initially converted to a writ. A panel of this court subsequently determined the writ conversion had been improvidently issued; and the matter was again converted to an appeal.

# DOUBLE JEOPARDY

Defendant argues the trial court erred in denying his Motion to Quash based on double jeopardy. Defendant contends he has already been punished for the behavior for which he is currently on trial, i.e, the cashing of four checks received from customers. He argues the present prosecution for theft from the same victims constitutes double jeopardy. He points out the alleged conversion of the at issue checks pre-dated the issuance of the injunction, and the facts surrounding the taking of the checks were admitted as evidence in the contempt proceeding. Thus, he contends the present prosecution for theft predicated on these same checks violates the "same evidence rule."

This court's latest pronouncement on double jeopardy is found in *State v. Cogswell*, 05-510, pp. 3-4 (La.App. 3 Cir. 12/30/05), 918 So.2d 590, 593-94, *writ denied*, 06-314 (La. 9/1/06), 936 So.2d 196:

> In *State v. Knowles*, 392 So.2d 651, 654 (La.1980), the Court citing *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), outlined the following criteria for examining violations of double jeopardy:
>
> > ". . . The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. . . ."
>
> This rule is constitutionally required by the States. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and is embodied in La.C.Cr.P. 596:
>
> > "Double jeopardy exists in a second trial only when the charge in that trial is: (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or (2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."

-2-

Louisiana uses both the "*Blockburger* test" and the "same evidence test". *State v. Steele*, 387 So.2d 1175 La.1980); *State v. Doughty*, 379 So.2d 1088 (La.1980); *State v. Didier*, 262 La. 364, 263 So.2d 322 (1972) and, 412 So.2d 1323 (La.1982). When a defendant is charged with separate statutory crimes they need not be identical in elements or in actual proof to be the same within the meaning of the constitutional prohibition. *State v. Hayes*, 412 So.2d at 1325.

The Louisiana Supreme Court explains the "same evidence" test in *State v. Steele*, 387 So.2d 1175, (La.1980), as follows:

> "If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. . . .
>
> The 'same evidence' test is somewhat broader in concept than *Blockburger* the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct." *Id*. at 1177.

Double jeopardy provisions protect an accused not only from a second prosecution on the same offense, but also from multiple punishments for the same criminal conduct. *State v. Steele*, *supra*; *State v. Hayes*, supra; *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980).

Defendant notes that for the sanctions imposed on the contempt violation to constitute a basis for a claim of double jeopardy, we must first determine whether the contempt penalty was "punitive" rather than "coercive," and therefore, criminal as opposed to civil. The State does not contest this issue and acknowledges, in brief, that punishment in the civil case was punitive. Thus, the contempt sanctions were criminal in nature.

The criminal charge pending is for theft, which is defined by La.R.S. 14:67(A):

> Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct,

practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

Contempt is defined by La.Code Crim.P. art. 20:

A contempt of court is an act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.

Contempts of court are of two kinds, direct and constructive.

The contemptuous act for which Defendant was punished is found in La.Code Crim.P. art. 23, which states, in pertinent part:

A constructive contempt of court is any contempt other than a direct one.
A constructive contempt includes, but is not limited to any of the following acts:

. . . .

(2) Willful disobedience of any lawful judgment, order, mandate, writ, or process of court;[1] . . . .

The provisions of each violation require proof of elements not necessary for proof of the other, and particularly the need to prove the additional element of enjoined behavior in the contempt proceeding.

Defendant relies not on application of the "*Blockburger* test," but rather stakes his claim of double jeopardy on the applicability of the "same evidence rule."

Defendant argues the contempt could not have been proven without the introduction of the four checks which are relied on as evidence in the present theft prosecution.[2] In brief, Defendant points to his objection in the contempt proceeding to the introduction of any checks written and allegedly converted prior to the issuance

---

[1]While the definition of contempt is found in the cited code articles, penalties for contempt are found in La.R.S. 13:4611.

[2]In brief, the State argues the theft charge is not only predicated upon conduct evidenced by checks, but, also upon evidence of theft of business files by Defendant.

of the injunction, on the grounds of relevancy. He argues the trial judge relied on these checks to find his conduct was contemptuous, and therefore, use of the same checks to prove theft in this case constitutes double jeopardy.

As the supreme court held in *State v. Steele*, 387 So.2d 1175, 1179 (La.1980), "[t]he test depends on the evidence necessary for conviction, not all the evidence introduced at trial. . . ." Defendant also argues that the trial judge's stated reasons prove he relied on the checks to find him in contempt. Defendant points to the following comments by the trial judge during the contempt proceeding:

> [Defendant] violated not only the letter but the spirit of the agreement by doing jobs in competition before the injunction, after the injunction, and then setting up a sham corporation on September 15, 2003, to try to circumvent the injunction.

Defendant suggests the language "before the injunction," while admittedly subject to varied interpretations, indicates the reliance on the checks as proof. We disagree. Defendant does not dispute the trial judge could have found him in contempt for multiple acts which occurred after issuance of the injunction.

Applying *State v. Steele*, 387 So.2d 1175, it is not the evidence introduced at the contempt hearing which is relied on to form the basis for determining "same evidence," but rather, "the evidence necessary for conviction." Checks written, prior to an injunction being issued, cannot be considered as evidence of contempt for violation of the injunction. The checks were superfluous to proof of contempt, and cannot be found to be the "same evidence" needed to prove the instant charge of theft.

The State urges the civil contempt penalty cannot form the basis for double jeopardy since it does not meet the definition pronounced in *State v. Walker*, 00-1028 (La.App. 3 Cir. 1/31/01), 778 So.2d 1192. In *Walker*, this court stated:

> The protection against double jeopardy applies in three situations: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple

punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *State v. Smith*, 95-61 (La.7/2/96), 676 So.2d 1068; and *State v. Mayeux*, 498 So.2d 701 (La.1986).

*Id*. at 1194.

It would be incongruous to hold that a contempt punishment for violation of a court order, to which the State is not a party, precludes prosecution of a defendant for a theft violation. This situation is not an attempt by the State to twice prosecute, or twice punish, particular behavior. Rather, this situation presents a court's attempt to punish an individual for obstructing or interfering with its administration of justice, and an independent attempt by the State to address asserted criminal behavior. As the State points out, sanctions for contempt and prosecution for violation of the criminal statute for theft each address unrelated actions, and one should not be exclusive of the other.

## DECREE

For the above reasons, the prosecution of Defendant for theft does not constitute double jeopardy predicated on his having been found in contempt for violating a court order in the civil proceedings. The trial court's denial of the motion to quash is affirmed.

**MOTION TO QUASH AFFIRMED.**