WALTER J. ROTHSCHILD, Judge.
|2On August 2, 2010, defendant, Stephen Taylor, was charged by bill of information with one count of first degree vehicular negligent injuring, a violation of LSA-R.S. 14:39.2. He was arraigned and pled not guilty on December 22, 2010.
In a separate bill of information also filed on August 2, 2010, defendant was charged with three misdemeanor offenses: operating a vehicle while intoxicated (“DWI”), a violation of LSA-R.S. 14:98 A(l)(b); reckless operation, a violation of LSA-R.S. 14:99; and operating a vehicle without a driver’s license, a violation of LSA-R.S. 32:52. The offenses charged in both bills of information arose out of a single traffic incident that occurred on June 9, 2010.
Defendant pled guilty to the misdemean- or charge of DWI, first offense, on October 5, 2010. Pursuant to the plea agreement, the State dismissed the other two misdemeanor charges.
Thereafter, the State proceeded to prosecute defendant for first degree vehicular negligent injuring. On April 25, 2011, defendant filed a motion to quash | sthe bill of information related to this offense based on double jeopardy grounds. The motion to quash was heard by the trial court on May 18, 2011, and it was denied in a written judgment rendered on July 27, 2011.
On November 14, 2011, defendant withdrew his prior not guilty plea and entered *573 a plea of guilty to first degree vehicular negligent injuring, preserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to seek appellate review of the denial of his motion to quash. Pursuant to the plea agreement, defendant received a three-year suspended sentence and was placed on active probation for two years.
Defendant appeals the denial of his motion to quash and asks this Court to vacate his conviction and sentence for first degree vehicular negligent injuring.

FACTS

Considering that the instant case involves a guilty plea, the specific facts underlying the charge are not present in the record before us. However, the bill of information charging defendant with first degree vehicular negligent injuring alleges that on June 9, 2010, defendant violated LSA-R.S. 14:39.2 when he operated a motor vehicle and caused serious bodily injury upon the person of Rion Poindexter.

LAW AND DISCUSSION

On appeal, defendant argues that the trial court erred by denying his motion to quash. He contends that under the “same evidence” test, double jeopardy bars his prosecution for first degree vehicular negligent injuring subsequent to the plea bargain under which he pled guilty to driving while intoxicated. Defendant further submits that the elements needed to convict him of first degree vehicular negligent injuring encompass those required to convict him of DWI. Thus, because he 14cannot be punished a second time for the same criminal conduct, defendant contends that his motion to quash should have been granted by the trial court.
A hearing on defendant’s motion to quash was held on May 18, 2011. After taking the matter under advisement, the trial court denied defendant’s motion to quash, finding that under the “same evidence” test, the prosecution for first degree vehicular negligent injuring after having obtained a plea for DWI did not constitute double jeopardy. In its written reasons for judgment, the trial court explained its ruling, in pertinent part, as follows:
For a D.W.I., the necessary evidence to obtain a conviction is proof that an individual was operating a vehicle and that he was intoxicated. Using only those two elements, there is not enough evidence to convict the defendant under First Degree Vehicular Negligent Injuring. While Vehicular Negligent Injuring includes operating a motor vehicle while intoxicated, additional elements must be proven in order to obtain a conviction, specifically, inflicting serious bodily injury upon the person of a human being.
The Double Jeopardy Clause of the United States Constitution and the Louisiana Constitution protect defendants from being punished or prosecuted twice for the same offense. U.S. Const., Amendment 5; LSA-Const., Art. 1, Sect. 15; LSA-C.Cr.P. art. 591; State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, 1328. The test enunciated by the United States Supreme Court for determining whether two offenses are the same for double jeopardy purposes is whether each statute requires proof of an additional element which the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Sims, 44,123, p. 3 (La.App. 2 Cir. 4/15/09), 7 So.3d 1288, 1290.
The “same evidence” test is used in Louisiana. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); State v. Didier, 262 La. 364, 263 So.2d 322 (1972); State v. Redfearn, 44,709, p. 19 (La.App. 2 Cir. 9/23/09), 22 So.3d 1078, 1090, writ denied, 09-2206 (La.4/9/10), 31 So.3d 381. If the *574 evidence required to | ¿support a finding of guilt of one crime would also have supported conviction of the other, the two ai'e the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. State v. Girouard, 615 So.2d 29, 30 (La.App. 3 Cir.1993). The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. State v. Spikes, 10-831, p. 4 (La.App. 5 Cir. 5/10/11), 66 So.3d 40, 42. The “same evidence test” is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct. Id.
LSA-C.Cr.P. art. 596 provides:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
The Double Jeopardy Clause also encompasses the principle of collateral es-toppel, which means that when an “issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); State v. Bolden, 93-1933, pp. 4-5 (La.7/5/94), 639 So.2d 721, 723, cert denied, 513 U.S. 1077, 115 S.Ct. 724, 130 L.Ed.2d 629 (1995). A “fact is considered ‘ultimate’ if it is necessary to a determination of the defendant’s criminal liability.” State v. Miller, 571 So.2d 603, 607 (La.1990). Separate statutory crimes need not be identical in constituent elements or in actual proof to be the same within the meaning of the constitutional prohibition. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); State v. Doughty, 379 So.2d 1088, 1090 (La.1980). The court looks to whether |fiproof of the same conduct is being used to prove more than one offense. State v. Muralles, 99-947, p. 11 (LaApp. 5 Cir. 11/15/00), 802 So.2d 671, 678.
Both the State and the trial court cite State v. Steele, 387 So.2d 1175 (La.1980), in support of their position that the presence of an additional element, i.e. serious bodily injury, needed to convict a defendant for first degree vehicular negligent injuring precludes a finding of double jeopardy. In Steele, supra, the defendant was originally charged with three offenses: reckless driving, DWI, and negligent injuring. He pled guilty to DWI and the charge of reckless driving was dismissed. The State then proceeded to prosecute Steele for negligent injuring. When applying the “same evidence” test to the crimes of DWI and negligent injuring, the Louisiana Supreme Court looked at the definitions of the two crimes, determined that the same evidence would not be required to convict Steele on both charges, and concluded that there was no double jeopardy as to these two charges. Steele, 387 So.2d at 1177. The Court noted that there were several elements involved in DWI which were not involved in negligent injuring, and elements involved in negligent injuring not required in DWI. Id.
However, the Steele Court also went on to apply the “same evidence” test to the negligent injuring charge and the previously dismissed reckless driving charge. The Court stated that under a theoretical application of the Blockburger test, each crime requires proof of an element that the other does not. However, under the *575 “same evidence” test, proof of negligent injuring, i.e., driving the vehicle in a criminally negligent manner and injuring a pedestrian, would have been sufficient to convict Steele of the reckless driving offense. Steele, 887 So.2d at 1178. Therefore, the Court held that the prosecution of the defendant for negligent injuring following the dismissal of the reckless driving charge amounted to a violation of the plea bargain. The Court noted that the State was relabeling the |7negligent injuring offense to charge defendant a second time with the same criminal conduct, in violation of the Double Jeopardy Clause. Id.
In the present matter, defendant pled guilty to DWI and the State dismissed the charges of reckless operation and operating a vehicle without a driver’s license. DWI is defined under LSA-R.S. 14:98(A) as the operating of a motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages; or
(b) The operator’s blood alcohol concentration is 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(c) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964; or
(d)(i) The operator is under the influence of a combination of alcohol and one or more drugs which are not controlled dangerous substances and which are legally obtainable with or without a prescription.
Thereafter, the State proceeded to prosecute defendant for first degree vehicular negligent injuring. Under LSA-R.S. 14:39.2, first degree vehicular negligent injuring is defined as the inflicting of serious bodily injury upon the person of a human being when caused proximately or directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle, aircraft, watercraft, or other means of conveyance whenever any of the following conditions exists:
(1) The offender is under the influence of alcoholic beverages.
(2) The offender’s blood alcohol concentration is 0.08 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood.
(3) The offender is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set fox*th in R.S. 40:964, or any abused substance.
(4)(a) The operator is under the influence of a combination of alcohol Land one or more drugs which are not controlled dangerous substances and which are legally obtainable with or without a prescription.
Based on their definitions, it is clear that the crime of first degree vehicular negligent injuring involves an element that DWI does not; specifically, the inflicting of serious bodily injury upon the person of a human being. However, under the same evidence test, the evidence necessary to support the charge of first degree vehicular negligent injuring would have been sufficient to support the charge of DWI, first offense, to which defendant had previously pled guilty.
In Steele, supra, the defendant was charged with negligent injuring, a crime which does not require proof of operating a vehicle while intoxicated. However, in the present matter, the two crimes in question both require proof of the operation of a vehicle while under the influence of alcoholic beverages and/or drugs to convict. Thus, DWI is a lesser included offense to first degree vehicular negligent *576 injuring.[1] It is also noted that LSA-C.Cr.P. art. 814(A)(7.3) provides DWI as a responsive verdict to first degree vehicular negligent injuring.
Under the same analysis used by the Steele court to make its double jeopardy determination with respect to the reckless driving charge and the negligent injuring charge, we find that double jeopardy exists in the instant case despite the existence of the additional element needed to convict defendant for first degree vehicular negligent injuring. Evidence of the same conduct, i.e. operating a motor vehicle while intoxicated, is being used to prove more than one offense in violation of collateral estoppel and the same evidence test. Defendant cannot be punished a second time for the same criminal conduct. For the foregoing reasons, |3the trial court erred in denying defendant’s motion to quash based on double jeopardy-
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). No errors requiring corrective action were noted.

DECREE

For the foregoing reasons, we reverse the denial of defendant’s motion to quash, grant the motion, and set aside defendant’s conviction and sentence for first degree vehicular negligent injuring.

REVERSED; CONVICTION AND SENTENCE VACATED.

. Lesser and included grades of a charged offense are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged, and, thus, evidence sufficient to support conviction of the greater offense will necessarily support conviction of the lesser and included offense. State v. Johnson, 01-0006, p. 4 (La.5/31/02), 823 So.2d 917, 920.