DANIEL L. DYSART, Judge.
LThe State of Louisiana appeals the ruling of the district court quashing the charge of armed robbery with a firearm, La. R.S. 14:64.3, on the basis of “double jeopardy.” For the reasons set forth below, we reverse the ruling of the district court and remand this matter to the district court for further proceedings.
BACKGROUND:
Defendant, Joseph M. Taylor, was charged by bill of information "with two counts of armed robbery with a firearm, in *524 violation of La. R.S. 14:64.3. The bill of information alleged separate victims— McKinley Baptiste (count one) and Lamide Infanse (count two).
Both counts were tried together before a jury, which found Taylor not guilty of count two (Lamide Infanse), and returned a hung verdict as to count one (McKinley Baptiste). The State retried the defendant on the Baptiste count, but during the subsequent trial a 911 tape of both victims was played before the jury resulting in a mistrial. This Court and the Louisiana Supreme Court denied subsequent writs brought by the State. State v. Taylor, unpub. 2011-0809 (La.App. 4 Cir. 6/20/11), writ denied State v. Taylor, 11-1287 (La.6/21/11), 64 So.3d 204.
| .¿Thereafter, defendant Joseph Taylor filed a motion to quash the bill of information, which was granted by the district court. In its ruling, the district court issued a written opinion granting the motion based upon the principles of double jeopardy holding in part that: “Since both alleged offenses stem from the same incident, conduct, and occurred simultaneously, the State should be barred from having a third opportunity to prosecute the Defendant for the armed robbery of M.B. [Mr. Baptiste] after being acquitted of committing Count 1, the armed robbery of L.I. [Ms. Infanse], on May 16, 2011.”
The State timely appealed the district court’s ruling.
FACTUAL BACKGROUND:
Ms. Infanse did not testify at trial; however, Mr. Baptiste testified that he was robbed at gunpoint in the pre-dawn hours of May 24, 2009. After getting off work, Mr. Baptiste went to the Sandpiper Lounge, which is located on Louisiana Avenue in New Orleans. He dropped his girlfriend off at the front door and went to park his car. While he was parking, he observed three men, one of whom he later identified as Taylor, standing on the corner. He was able to see the men as the headlights of his vehicle shown in their direction as he turned to park.
When Mr. Baptiste attempted to enter the lounge, he was refused entry as he was not wearing a collared shirt. He returned to his vehicle, and as he returned to the lounge, Ms. Infanse, a woman he did not know, began walking behind him travelling in the same direction.
At that time, Mr. Baptiste and Ms. In-fanse were approached by Taylor and another man, both of whom were wearing all black clothing and pointing guns, instructing Mr. Baptiste to lie on the ground. They robbed Mr. Baptiste of his |sceIlphone and wallet, then fled the area in a grey vehicle. Mr. Baptiste did not see Ms. Infanse get robbed.
Mr. Baptiste returned to the lounge, and using another person’s cellphone, called 911. Ms. Infanse called 911 also, and the 911 tape played to the jury at the second trial contained her voice.
Soon thereafter, Mr. Baptiste and his girlfriend were waiting outside the bar for the police when Taylor returned, wearing another shirt. According to Mr. Baptiste, defendant Taylor glared at him, then walked inside. When the police arrived, Mr. Baptiste and Ms. Infanse pointed out Taylor and he was arrested. Thereafter, Ms. Infanse, who was from out of town, refused to cooperate. One of the investigating detectives testified that he called Ms. Infanse about a month after the incident and she denied identifying the defendant.
DISCUSSION:
In its sole assignment of error the State asserts the district court erred in granting the motion to quash the bill of information based upon Taylor’s double jeopardy as *525 sertion because: 1) Taylor failed to show that the jury “necessarily determined” any ultimate fact at the first trial, and 2) the evidence necessary to convict Taylor of armed robbing the male victim, Mr. Baptiste, is not the same evidence necessary to convict him of the armed robbery of Ms. Infanse.
The United States Constitution Amendment V and Louisiana Constitution Art. 1, § 15 protect citizens from being twice placed in jeopardy of punishment for the same offense. La.Code Crim. Proc. art. 591 provides:
No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally bordered under the provisions of Article 775 or ordered with the express consent of the defendant.
Pursuant to La.Code Crim. Proc. art. 775(2), mistrial may be ordered where “[t]he jury is unable to agree upon a verdict.” Such a situation is commonly referred to as a “hung jury,” which is the verdict that has led to the State’s current effort to retry Taylor for the first count of armed robbery. The State is not prosecuting Taylor for count two of the bill of information, as the jury found him not guilty of that count.
In Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the U.S. Supreme Court held that the constitutional protection against double jeopardy embodies the principles of collateral estoppel. Under the collateral estop-pel doctrine, “when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future suit.” Id., 397 U.S. at 443, 90 S.Ct. at 1194. In applying this rule, the Court provided the'following guidance:
Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to ‘examine the record of a proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.’
Id., 397 U.S. at 444, 90 S.Ct. at 1194, quoting Mayers & Yarbrough, Bis Vexari: New Trials and Successive Prosecutions, 74 Harv. L.Rev. 1, 38-39.
Ashe was accused of being one of three or four perpetrators who robbed six men at the same time. Ashe, 397 U.S. at 438, 90 S.Ct. at 1191. The State initially tried Ashe for armed robbery of one of the six victims. Id. According to the Court, “[t]he proof that an armed robbery had occurred ... was unassailable.” Id. However, the Court also noted, “the State’s evidence that [Ashe] had been one of | sthe robbers was weak.” Id. The jury in that trial “found [Ashe] not guilty due to insufficient evidence.” Id., 397 U.S. at 439, 90 S.Ct. at 1192. The Court noted that the only “conceivable issue in dispute before the jury was whether petitioner had been one of the robbers.” Id., 397 U.S. at 445, 90 S.Ct. at 1195. Thus, the Court based its holding that double jeopardy barred further prosecution for the armed robbery of the other victims on the fact that the jury in the first trial could have only returned a not guilty verdict based upon a finding that Ashe was not the perpetrator. In doing so, the Court reasoned:
The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six *526 punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again.
Ashe, 397 U.S. at 446, 90 S.Ct. at 1195.
This case is distinguishable from Ashe in that the current record does not indicate that the current prosecution raises the issue of ultimate fact that led to the first jury’s acquittal of Count two. Here, the evidence presented to prove count two was weak. The alleged victim of count two did not testify. The only eyewitness testimony was that provided by Mr. Baptiste. Under these circumstances, it appears the jury’s “not guilty” verdict for count two was the result of the failure of the victim to testify. Admittedly, Det. Si-son testified that the victim of count two failed to positively identify Taylor as the armed robber. However, the totality of the record indicates it was failure to produce the victim of the armed robbery in count two that resulted in the not guilty verdict — not Taylor’s identity. However, Mr. Baptiste provided a very clear and convincing identification of Taylor at the first trial.
10In its ruling, the district court also cited the “same evidence” test. Under that test:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy of only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
State v. Steele, 387 So.2d 1175, 1177 (La.1980) (citation omitted).
In this case, the same evidence test does not apply because the counts charged are completely separate — two armed robberies of two victims occurred. In order to prove count two, the state needed to prove the armed robbery of Ms. Infanse. To prove the current retrial of count one, the State will have to prove the armed robbery of Mr. Baptiste. Although the two crimes occurred at the same time, different evidence is required for conviction of each offense.
Therefore, we find that the district court abused its discretion in granting the motion to quash, reverse that decision, and remand the case for further proceedings.
REVERSED AND REMANDED