SAUNDERS, J.,
dissents and assigns written reasons.
hi disagree with the majority’s decision to vacate Defendant’s conviction and sentence for attempted felony carnal knowledge of a juvenile. First, we must apply the Blockburger test. In order to avoid a double jeopardy challenge, under the Blockburger test, “each provision [must] require[] proof of additional facts which the other does not.”
The two crimes in question, malfeasance and attempted carnal knowledge, do not, according to their definitions, appear to be the same offense. Attempted carnal knowledge occurs when a person, age seventeen or older, attempts to have sexual intercourse,
with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater.
La.R.S. 14:80; La.R.S. 14:27. It is sufficient that oral sex occurred. La.R.S. 14:80. Malfeasance in office is committed when a public officer intentionally refuses or fails to perform his lawfully required duty or intentionally performs his lawfully required duty in an unlawful way.
On their face, it is clear that there are several elements for attempted carnal knowledge that are not required to convict for malfeasance and vice versa. For 12example, for malfeasance in office, the State must show that Defendant was a public officer. No such showing is necessary for attempted carnal knowledge. Likewise, for attempted carnal knowledge, Defendant’s age is a relevant fact that the State must establish, no such showing is necessary for a malfeasance in office prosecution. Thus, each offense requires proof which the other does not, and this case fails the Blockburger test.
Additionally, in order for double jeopardy to apply, we perform the “same evidence” test. This test examines whether “the evidence to support a finding of guilt of one crime would, have also supported conviction of the other.... The test depends on the evidence necessary for con *897 viction, not all the evidence introduced at trial.” State v. Steele, 387 So.2d 1175 (La. 1980). The concern is that “one should not be punished (or put in jeopardy) twice for the same course of conduct.” Id.
Here, Defendant lied to the dispatch officer regarding his location, failed to notify the discharge officer of his location, and entered a home without a complaint. The evidence of this conduct would not support a conviction for attempted carnal knowledge. Additionally, there must be evidence that he was a public officer, which also would not support a conviction for attempted carnal knowledge. In the instant matter, it is this conduct on which the jury could have reasonably based a malfeasance conviction and this conduct would not support the conviction for the attempted carnal knowledge charge. In essence, this was not one course of conduct, but two. Defendant lied about his whereabouts to the dispatch officer and entered a home as a police officer without a complaint to serve as the reason to do so. Separately, he engaged in sexual activity with a fifteen year old girl. In this case, to prove he committed malfeasance in office, it was not required lato-prove that he committed the sexual offenses. Therefore, in my opinion, Defendant’s double jeopardy challenge cannot stand and I respectfully dissent.