STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-510

STATE OF LOUISIANA

VERSUS

DONALD COGSWELL, JR.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 22882-00
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**********
**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and J. David Painter, Judges.

**CONVICTIONS FOR MALFEASANCE IN OFFICE REVERSED, SENTENCES VACATED, AND JUDGMENTS OF ACQUITTAL ORDERED; SENTENCES FOR OBSCENITY VACATED AND CASE REMANDED FOR RESENTENCING; CONVICTIONS FOR SEXUAL BATTERY AND ATTEMPTED SEXUAL BATTERY AFFIRMED.**

**Ronald Augustin Rossitto**
**District Attorney - 14th Judicial District Court**
**Catherine Lynn Bartholomew**
**Assistant District Attorney**
**Carla Sue Sigler**
**Assistant District Attorney**
**Ric Oustalet**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**Telephone: (337) 437-3400**
**COUNSEL FOR:**
        **Plaintiff/Appellee - State of Louisiana**

**Phyllis Elaine Mann**
**Post Office Box 705**
**Alexandria, LA 71309**
**Telephone:  (318) 448-0000**
**COUNSEL FOR:**
**Defendant/Appellant - Donald Cogswell, Jr.**

THIBODEAUX, Chief Judge.

A jury convicted the Defendant, Donald Cogswell, Jr., of two counts of malfeasance in office, violations of La.R.S. 14:134, two counts of obscenity, violations of La.R.S. 14:106, one count of sexual battery, a violation of La.R.S. 14:43.1, and one count of attempted sexual battery, a violation of La.R.S. 14:27 and 14:43.1. He appeals his convictions.

For the following reasons, we reverse the Defendant's convictions for malfeasance in office on the bases of double jeopardy and insufficient evidence and order the entry of a judgment of acquittal. We vacate the three-year sentences at hard labor on the two counts of obscenity. The sentences are indeterminate, and we are compelled to remand for resentencing so that the trial court may specify whether the sentences are to run concurrently or consecutively to each other. We affirm the convictions and sentences for sexual battery and attempted sexual battery.

## ISSUES

We shall consider whether:

(1)   the malfeasance in office convictions and the convictions for sexual battery and attempted sexual battery constitute double jeopardy;

(2)   the evidence was insufficient to convict the Defendant of malfeasance in office; and,

(3)   the Defendant had conflict-free representation.

## FACTS

On the morning of August 12, the victim, J.A.[1], left a bar located on McNeese Street and was driving home. She was immediately pulled over by Defendant, who told her she had illegally stopped in the pedestrian walkway at a

---

[1]As required by La.R.S. 46:1844(W), the victims are referred to by their initials to protect their identity.

traffic light. He checked her license, proof of insurance, and vehicle registration. The Defendant then exposed his erect penis and told her to "grab it." After she touched him, he ordered her to pull up her shirt. She complied, but pulled her shirt down when he reached to touch her breast. He then asked her to go behind a store for a "quicky." When she refused, he wrote her two tickets and left.

On the morning of August 13, Defendant pulled the victim, S.C., over shortly after she left a bar located on Common Street. He told her he stopped her for speeding and had her move into a parking lot. The victim performed a field sobriety test at the behest of the Defendant who then told her that he was going to call for a DUI unit. While she was sitting in her car, he approached her and exposed his penis and repeatedly asked, "What are we going to do about this?" He then grabbed her by the back of her head and attempted to force her to perform oral sex. When she resisted his attempt, he left.

## Double Jeopardy

Defendant argues that he was subjected to double jeopardy in violation of La.Code Crim.P. art. 591 when he was convicted of malfeasance in office and the sexual crimes. There is merit to this assertion.

Defendant was convicted of two counts of malfeasance in office, in violation of La.R.S. 14:134, which provides in the applicable parts that a public officer commits malfeasance in office when he performs "any duty lawfully required of him. . . in an unlawful manner." Defendant was also convicted of one count of obscenity and one count of sexual battery as to one of the victims, and one count of obscenity and attempted sexual battery as to the other victim. As the facts adduced at trial indicated, after Defendant made late night traffic stops of the two women during the course of his employment as a patrol officer, he then committed the sexual

2

acts against them. The identical conduct was the basis for both the malfeasance convictions and the convictions for the sexual offences.

In *State v. Vaughn*, 431 So.2d 763 (La.1983), the accused was charged with one count of malfeasance in office and one count of theft. The Louisiana Supreme Court found that the unlawful manner by which Vaughn violated his affirmative duty as a police officer was to have committed theft when he took a suspect's gun, then sold the gun back to him. Vaughn was charged with malfeasance in office and theft of the gun. Both counts cited the unlawful and fraudulent taking of the money as the sole basis for the two counts. The Louisiana Supreme Court stated:

> In *State v. Knowles,* 392 So.2d 651, 654 (La.1980), the Court citing *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), outlined the following criteria for examining violations of double jeopardy:
>
>> ". . . The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . ."
>
> This rule is constitutionally required by the States. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and is embodied in La.C.Cr.P. 596:
>
>> "Double jeopardy exists in a second trial only when the charge in that trial is: (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or (2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
>
> Louisiana uses both the "*Blockburger* test" and the "same evidence test". *State v. Steele,* 387 So.2d 1175

(La.1980); *State v. Doughty,* 379 So.2d 1088 (La.1980); *State v. Didier*, 262 La. 364, 263 So.2d 322 (1972) and *State v. Hayes*, 412 So.2d 1323 (La.1982). When a defendant is charged with separate statutory crimes they need not be identical in elements or in actual proof to be the same within the meaning of the constitutional prohibition. *State v. Hayes*, 412 So.2d at 1325.

The Louisiana Supreme Court explains the "same evidence" test in *State v. Steele*, 387 So.2d 1175, (La.1980) as follows:

> "If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial . . .
>
> The 'same evidence' test is somewhat broader in concept than *Blockburger* the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct." *Id*. at 1177.

Double jeopardy provisions protect an accused not only from a second prosecution on the same offense, but also from multiple punishments for the same criminal conduct. *State v. Steele, supra*; *State v. Hayes, supra; United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980).

. . . .

An overview of the record reveals that the conduct which formed the basis of the malfeasance charge was the same conduct proven during the jury trial on the theft charge. Therefore, we conclude that the same evidence was used to convict Vaughn on both charges. The conviction by the trial judge for malfeasance was for conduct forming a part of the basis of the jury conviction on the theft charge and the latter constitutes a jeopardy as to the former.

*Id.* at 766-67. The supreme court in this case vacated the conviction for the lesser offense of theft. *See also, State v. Coody,* 448 So.2d 100 (La.1984) and *State v. Gibson*, 03-0647 (La.App. 4 Cir. 2/4/04), 867 So.2d 793.

In the present case, to prove Defendant committed malfeasance in office required proof that he committed the sexual offenses. Therefore, the evidence necessary to prove the sexual offenses also proved the charge of malfeasance in office. Accordingly, the same evidence test was satisfied. Consequently, this assignment of error has merit.

The Louisiana Supreme Court has stated that "[t]o remedy a violation of double jeopardy, this court has followed a procedure of vacating the conviction and sentence of the less severely punishable offense, and affirming the conviction and sentence of the more severely punishable offense." *State ex rel. Adams v. Butler*, 558 So.2d 552, 553 (La.1990).

In this case, the more severely punishable offenses are the sexual battery violations. A violation of the offense of malfeasance in office has a sentencing range of no more than five years, with or without hard labor. La.R.S. 14:134. An offense of sexual battery provides for a range of imprisonment of not more than ten years, with or without hard labor, and without benefit of parole, probation, or suspension of sentence. La.R.S. 14:43.1(C). Accordingly, the convictions for malfeasance in office are vacated to eliminate the double jeopardy violations suffered by Defendant.

**Insufficiency of the Evidence**

Defendant argues that "[t]he State failed to introduce any evidence showing that Donald Cogswell was lawfully required to perform any duty" at the time of the alleged incidents. The evidence, therefore, is insufficient to support a conviction. We agree.

Louisiana Revised Statutes 14:134, malfeasance in office, in pertinent part, provides:

> Malfeasance in office is committed when any public officer or public employee shall:
>
> (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
>
> (2) Intentionally perform any such duty in an unlawful manner.

In *State v. Davis,* 93-599 (La. 4/11/94), 634 So.2d 1168, 1169-70, the Louisiana Supreme Court explained:

> It is elementary that the state must prove each element of the crime charged beyond a reasonable doubt. U.S. Const.Amend XIV; La. Const. Art. I, § 2 (1974); La.C.Cr.P. art. 804; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Graham*, 422 So.2d 123, 129 (La.1982). In order to prove a violation of LSA-R.S. 14:134, the state must prove the existence of an affirmative duty delineated by statute or law upon the defendant public officer and that the defendant intentionally performed that duty in an unlawful manner. *State v. Perez*, 464 So.2d 737, 742 (La.1985); *State v. Passman*, 391 So.2d 1140, 1144 (La.1980); *State v. Kelley*, 241 La. 224, 128 So.2d 18 (1961). "The duty must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what conduct will subject him to criminal charges." *Perez*, supra, at 741.

Defendant's argument that nothing was introduced to the jury that showed he had an affirmative duty to perform in a lawful manner is correct; no oath of office or reference to an oath of office, no police manual, no questions or discussions regarding Defendant's affirmative duties, or any other form of evidence was submitted. Furthermore, the indictment that charged the two counts of malfeasance in office did not indicate what provisions or laws Defendant violated. Other than testimony that he was employed as a police officer by the City of Lake Charles, and was on duty the morning of the incidents, including Defendant's own

admission as such, there was nothing offered regarding the statute or provision of law which established Defendant's affirmative duties as an officer of the law.

We note that La.Const. art. 10, § 30 requires all public officers or employees to take the oath of office. *See* La.R.S. 42:52, 42:161, 42:162, and 44:1. That oath charges public officers to uphold the laws of Louisiana and imposes a specific duty not to obstruct or interfere with the execution of those laws. *State v. Authement,* 532 So.2d 869 (La.App. 1 Cir. 1988). There is nothing in the record to indicate that Defendant took the oath of office and that it was recorded with the clerk of court's office.

## Conflict-Free Representation

For his final assignment of error, Defendant argues that he was deprived of his right to a conflict-free counsel. Defendant argues that defense counsel's current business association with three civil lawyers who represented one of the victims in a civil matter filed against Defendant and the City of Lake Charles caused him to have a conflict of interest. In *State v. Cisco*, 01-2732, pp. 17-18 (La. 12/3/03), 861 So.2d 118, 129-30, *cert. denied*, 541 U.S.1005, 124 S.Ct. 2023 (2004) (alteration in original), the supreme court stated:

> The issue of conflicting loyalties usually arises in the context of joint representation, but it can also arise "where an attorney runs into a conflict because he or she is required to cross-examine a witness who is testifying against the defendant and who was or is a client of the attorney." *State v. Tart,* 94-0025, p. 19 (La. 2/9/96), 672 So.2d 116, 125; *State v. Kirkpatrick*, 443 So.2d 546, 552 (La.1983). . . .
>
> This court in *State v. Kahey*, 436 So.2d 475, 485 (La.1983), defined an actual conflict of interest as follows, accepting the definition set forth in *Zuck v. Alabama*, 588 F.2d 436, (5th Cir.1979), *cert denied*, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979):

7

> If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interest of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to the other client.
>
> This court has consistently held that a defense attorney required to cross-examine a current or former client on behalf of a current defendant suffers from an actual conflict. *See, e.g.*, *State v. Carmouche*, 508 So.2d at 804; *Franklin*, 400 So.2d at 620 ("[W]e must agree with the defendant's attorney, and with the trial judge, that an actual conflict arose when the state called [counsel's former client] to the stand. [Counsel] was put in the unenviable position of trying zealously to represent the defendant at trial while simultaneously trying to protect the confidences of a former client who was testifying for the state against the defendant."); *see also* Dane S. Ciolino, ed., *Louisiana Rules of Professional Conduct*, Rule 1.7 comment 3 (L.S.B.A.2001) ("As a general proposition, loyalty to a client prohibits undertaking representation directly adverse to that client without that client's consent.").

On the second day of trial, defense counsel informed the trial court of a possible conflict of interest. He explained that one of the three civil lawyers he was currently associated with in a class-action case had represented one of the victims in the present case in a civil suit filed against the City of Lake Charles and Defendant. He explained that the suit was settled in 2002, and that he did not begin his association with the group until 2004. After a discussion of the standard for a conflict of interest as set out in *Cisco* as it applied in this case, the trial court stated:

> I don't think it does, to tell you the truth. I mean, there is no way – in other words, like I said I think these relationships are just too far removed, I guess. I mean, like I said, you began this relationship with them in 2004.
>
> MR. WHITE: (Defense counsel) Yes, sir.
>
> THE COURT: Her relationship as far as everybody here knows ended in 2001 with them.

8

MR. WHITE:  Yes, sir.

THE COURT:  And I don't know.  I mean, we can make the record, but I just don't see this as being anything that would necessitate you being–

. . . .

MR. WHITE:  It sure didn't affect my cross of her, I don't think, I mean, do you?

THE COURT:  Didn't appear it did.

MR. WHITE:  I'd like the record to reflect, though, that we're in the jury room and that Mr. Cogswell is present.

Defendant argues that once it was advised of a conflict of interest, the trial court erred when it did not take necessary steps, "to insure that Mr. Cogswell understood the potential conflict of interest in order to knowingly waive it." However, we agree with the trial court.  Defense counsel owed no duty of loyalty to the victim such that would conflict with his obligation to Defendant simply because she had been represented by one of his associates in a case that had concluded prior to his association with him.

As explained by the *Cisco* court:

> After the court has been alerted that an actual conflict of interest exists, the judge must take the proper steps to assure that the defendant's Sixth Amendment right to effective assistance of counsel is not violated.  As noted above, when a defendant raises the issue of a conflict of interest prior to trial, the judge is required either to appoint other counsel or to take adequate steps to determine whether the risk of a conflict of interest is too remote to warrant other counsel.  Then, "[i]f the judge determines that the conflict is not too remote, he should explain the conflict to the defendant . . . and inform the defendant of his right to representation that is free of conflict." Thereafter, if the defendant chooses to proceed with conflicted counsel, "a statement should be prepared in narrative form, which indicates that the defendant is fully aware of his right [to conflict free counsel] but has chosen to make a knowing and intelligent waiver thereof."

*Cisco*, 861 So.2d at 132 (alterations in original) (citations omitted).

In the present case, the trial court did not find an actual conflict of interest. Therefore, it was not required to advise Defendant accordingly so that he could effect a waiver. Moreover, as noted, Defendant was present during the hearing regarding the possible conflict and made no objection to being represented by defense counsel under the circumstances.

For all the above reasons, this assignment of error lacks merit.

## ERRORS PATENT

After reviewing the record, we conclude there are two errors patent, one of which requires the vacation of the Defendant's obscenity sentences. We remand the case for resentencing based on an error patent in the obscenity offenses.

The trial court stated the following when imposing the sentences:

> I'm going to at this time sentence you to serve five years with the Department of Corrections, on the sexual battery charge and the attempted sexual battery charges.
>
> I'm gonna sentence you to serve five years with the Department of Corrections, without benefit of probation, parole, or suspension of sentence. And those two will run concurrently with one another.
>
> With regard to the malfeasance in office charges on both counts I'll sentence you two [sic] serve five years with the Department of Corrections and on the - - and I will suspend - - those sentences to run consecutively to the five years on the sexual battery charges.
>
> And I will suspend that five years. I'll put you on five years of supervised probation. All this is to commence after you serve your five years on the sexual battery charges.
>
> And also on the obscenity charges I'm gonna give - - I'm gonna sentence you to serve three years on those. I'll run those concurrently with the five years on the malfeasance in office charges.

> And let me say this also. Generally, the law contemplates that when a - - when crimes are committed with basically the same set of facts, that those charges are to run concurrently with one another.
>
> And in any event - - so basically, I'm - - and I am gonna give you - - put you on five years of supervised probation, like I said, after you complete your five years and without benefit of probation and parole or suspension of sentence.

The obscenity sentences are indeterminate because it is not clear whether the sentences should be served concurrently or consecutively. As set forth in the sentencing excerpt above, the trial court stated that the obscenity sentences were to run concurrently with the malfeasance sentences but did not expressly state whether the obscenity charges themselves were to run concurrently or consecutively *to each other*. Because the obscenity offenses arose out of separate acts, they are presumed to run consecutively absent an express direction by the trial court that they run concurrently. La.Code Crim.P. art. 883, *see also* State v. Spencer, 04-857 (La.App. 3 Cir. 12/8/04), 888 So.2d 1128.

Although there was no express direction by the trial court, the trial court stated the following immediately after it pronounced the obscenity sentences, "And let me say this also. Generally, the law contemplates that when a - - when crimes are committed with basically the same set of facts, that those charges are to run concurrently with one another." The sentencing minutes and a letter sent by the Clerk of Court to the Office of Probation and Parole both state that the obscenity sentences were ordered to run *concurrently* to each other. However, the trial court must expressly order those sentences to run concurrently with one another.

Second, the trial court failed to inform the Defendant of the two-year prescriptive period for filing post conviction relief in accordance with La.Code

Crim.P. art. 930.8. Thus, upon remanded for resentencing, the trial is instructed to inform the Defendant of the provisions of Article 930.8.

## CONCLUSION

The two convictions for malfeasance in office are reversed, the sentences are set aside, and judgments of acquittal are ordered.

Further, the sentences imposed for obscenity are vacated as indeterminate and the case is remanded for resentencing. The trial court should specify expressly whether the obscenity offenses are ordered to run concurrently or consecutively *to each other*. The trial court is instructed to follow the precepts set forth in La.Code Crim.P. art. 883. Additionally, the trial court is instructed to inform the Defendant of the prescriptive period for filing post-conviction relief provided for in La.Code Crim.P. art. 930.8.

**CONVICTIONS FOR MALFEASANCE IN OFFICE REVERSED, SENTENCES VACATED, AND JUDGMENTS OF ACQUITTAL ORDERED;**

**SENTENCES FOR OBSCENITY VACATED AND CASE REMANDED FOR RESENTENCING;**

**CONVICTIONS FOR SEXUAL BATTERY AND ATTEMPTED SEXUAL BATTERY AFFIRMED.**