# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-893

**STATE OF LOUISIANA**

**VERSUS**

**SKYLAR FRANK**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2014-3482
HONORABLE ERROL DAVID DESHOTELS JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**DAVID KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and David Kent Savoie, Judges.

**SAUNDERS, J., dissents and assigns written reasons.**

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Skylar Frank**

**H. Todd Nesom**
**District Attorney**
**Steven Sumbler**
**Assistant District Attorney**
**33rd Judicial District Court**
**Parish of Allen**
**State of Louisiana**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**SAVOIE, Judge.**

On October 15, 2014, the State filed an indictment charging Defendant Skylar Frank with felony carnal knowledge, a violation of La.R.S. 14:80; malfeasance in office, a violation of La.R.S. 14:134; indecent behavior with a juvenile, a violation of La.R.S. 14:81; and obstruction of justice, a violation of La.R.S. 14:130.1. The indecent behavior charge was dismissed before trial. The parties selected a jury on May 18, 2015. Said jury heard evidence on May 20-21 and found Defendant guilty of attempted felony carnal knowledge, malfeasance in office, and obstruction of justice.

On July 7, 2015, the court heard argument on Defendant's post-trial motions, which it denied. At the same proceeding, the court sentenced him to a two thousand dollar fine and four years at hard labor, with all but one year suspended, on each of the charges. The court ordered the sentences to run concurrent.

Defendant now seeks review by this court of his convictions and sentences. For the following reasons, Defendant's convictions and sentences are vacated in part, affirmed in part, and remanded.

## **FACTS**

Thomas Buxton discovered Defendant, then an Oakdale police officer, in his fifteen-year-old niece's bedroom with his shirttail out and his pants-belt undone, hiding behind a door. Frank's gun-belt was on the floor in the living room. The victim testified that Defendant asked her to lie about why he was on the premises. Specifically, she was to state that he was there to make his cousin Hesikiah Hayward, a former boyfriend of hers, leave. Defendant also instructed her to delete any text messages she had from him. A police dispatcher testified that

Defendant was on duty the day of the offense but did not report being at the victim's residence. He further testified that he should have reported his location while on duty.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find several errors patent.

The trial court imposed the following sentences:

> The court sentences you Mr. Frank as follows: . . . . For the Malfeasance in Office charge the court sentences you to four (4) years with the Department of Corrections, one (1) year of that is suspended. You are placed on three year supervised probation, ordered to pay a two thousand ($2,000.00) dollar fine. The fine and the jail time is to run concurrent with the Attempted Felony Carnal Knowledge of a Juvenile. For Obstruction of Justice the court sentences you to four (4) years Department of Corrections. All suspended except for one (1) year, pay a two thousand ($2,000.00) dollar fine, plus court costs and that two fines and sentences to be run concurrent with the other two.
>
> . . . .
>
> Mr. Frank you have two years from this date to file post-conviction relief and Mr. Guidry can explain to you what that means.

The trial court failed to set forth a payment plan for the fines and court costs.

In *State v. Wagner,* 07-127, p. 7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1203, 1208, this court explained in pertinent part:

> When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, and cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).

> We view this procedure as no different from payment plans for restitution. *See State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-3413 (La.5/26/00), 762 So.2d 1101 (restitution only), *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128 (restitution, fine, and costs), *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597 (restitution, fine, court costs, and reimbursement to Indigent Defender Board), and *State v. Fontenot*, 01-540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255 (restitution, court costs and payments to victim's fund, Indigent Defender Board, and District Attorney).
>
> We, therefore, remand this case to the trial court for establishment of a payment plan for the fine, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

Accordingly, this case is remanded to the trial court for the establishment of a payment plan for the fee and costs, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597.

The trial court also failed to delay sentencing for twenty-four hours after it denied the Defendant's Motion for a New Trial. Louisiana Code of Criminal Procedure Article 873 provides:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

In the present case, there was no express waiver of the delay. However, any error would be harmless since Defendant does not argue excessiveness of his sentence on appeal and does not claim he was prejudiced by the lack of delay. *State v. Roberson*, 06-1568 (La.App. 3 Cir. 5/2/07), 956 So.2d 736, *writ denied*, 07-1243 (La. 12/14/07), 970 So.2d 531, *State v. Boyance*, 05-1068 (La.App. 3 Cir. 3/1/06),

924 So.2d 437, *writ denied*, 06-1285 (La. 11/22/06), 942 So.2d 553, and *State v. Shepherd*, 02-1006 (La.App. 3 Cir. 3/5/03), 839 So.2d 1103.

The trial court improperly advised Defendant that he had "two (2) years from this date to file post-conviction relief." Louisiana Code of Criminal Procedure Article 930.8 provides that the prescriptive period for filing post-conviction relief is two years, and it begins to run when a defendant's conviction and sentence become final under the provisions of La.Code Crim.P. arts. 914 or 922. The trial court is instructed to inform Defendant of the correct provisions of article 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant argues the verdicts of attempted felony carnal knowledge and malfeasance in office violate double jeopardy as the state proved both offenses with the same evidence. Although both parties cite a number of double jeopardy cases, the most analogous case is *State v. Cogswell*, 05-510, pp. 2-5 (La.App. 3 Cir. 12/30/05), 918 So.2d 590, 592-94, *writ denied*, 06-314 (La. 9/1/06), 936 So.2d 196. In *Cogswell*, this court stated:

> Defendant argues that he was subjected to double jeopardy in violation of La.Code Crim.P. art. 591 when he was convicted of malfeasance in office and the sexual crimes. There is merit to this assertion.
>
> Defendant was convicted of two counts of malfeasance in office, in violation of La.R.S. 14:134, which provides in the applicable parts that a public officer commits malfeasance in office when he performs "any duty lawfully required of him . . . in an unlawful manner." Defendant was also convicted of one count of obscenity and one count of sexual battery as to one of the victims, and one count of obscenity and attempted sexual battery as to the other victim. As the facts adduced at trial indicated, after Defendant made late night traffic stops

4

of the two women during the course of his employment as a patrol officer, he then committed the sexual acts against them. The identical conduct was the basis for both the malfeasance convictions and the convictions for the sexual offences.

In *State v. Vaughn*, 431 So.2d 763 (La.1983), the accused was charged with one count of malfeasance in office and one count of theft. The Louisiana Supreme Court found that the unlawful manner by which Vaughn violated his affirmative duty as a police officer was to have committed theft when he took a suspect's gun, then sold the gun back to him. Vaughn was charged with malfeasance in office and theft of the gun. Both counts cited the unlawful and fraudulent taking of the money as the sole basis for the two counts. The Louisiana Supreme Court stated:

> In *State v. Knowles*, 392 So.2d 651, 654 (La.1980), the Court citing *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), outlined the following criteria for examining violations of double jeopardy:
>
> ". . . The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . ."

This rule is constitutionally required by the States. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and is embodied in La.C.Cr.P. 596:

> "Double jeopardy exists in a second trial only when the charge in that trial is: (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or (2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."

Louisiana uses both the "*Blockburger* test" and the "same evidence test." *State v. Steele*, 387 So.2d 1175 (La.1980); *State v. Doughty*, 379 So.2d 1088 (La.1980); *State v. Didier*, 262 La. 364, 263 So.2d 322 (1972) and *State v. Hayes*, 412 So.2d 1323 (La.1982). When a defendant is charged with separate statutory crimes they need not be identical in elements or in actual proof to be the same within the meaning of the constitutional prohibition. *State v. Hayes*, 412 So.2d at 1325.

The Louisiana Supreme Court explains the "same evidence" test in *State v. Steele*, 387 So.2d 1175, (La.1980) as follows:

> "If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. . . . .
>
> The 'same evidence' test is somewhat broader in concept than *Blockburger* the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct." *Id*. at 1177.

Double jeopardy provisions protect an accused not only from a second prosecution on the same offense, but also from multiple punishments for the same criminal conduct. *State v. Steele, supra; State v. Hayes, supra*; *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980).

. . . .

An overview of the record reveals that the conduct which formed the basis of the malfeasance charge was the same conduct proven during the jury trial on the theft charge. Therefore, we conclude that the same evidence was used to convict Vaughn on both charges. The conviction by the trial judge for malfeasance was for conduct forming a part of the basis of the jury conviction on the theft charge and the latter constitutes a jeopardy as to the former.

*Id*. at 766-67. The supreme court in this case vacated the conviction for the lesser offense of theft. *See also, State v. Coody*, 448 So.2d 100 (La.1984) and *State v. Gibson*, 03-0647 (La.App. 4 Cir. 2/4/04), 867 So.2d 793.

In the present case, to prove Defendant committed malfeasance in office required proof that he committed the sexual offenses. Therefore, the evidence necessary to prove the sexual offenses also proved the charge of malfeasance in office. Accordingly, the same evidence test was satisfied. Consequently, this assignment of error has merit.

The State now argues, as it did at the post-trial motion hearing, that evidence not related to the sex offense supported the malfeasance conviction. However, it

6

seems clear from the State's closing statement that its theory of the case was that Defendant committed malfeasance in office by committing the sex crime, since he was a police officer:

> And lastly we've proven beyond a reasonable doubt the third element of Malfeasance in Office through the testimony of Bailey Ware saying that she performed oral sex on the defendant while he was on duty.

In the present case, as in *Cogswell*, the same evidence that supported the conviction for the sex crime supported the malfeasance conviction. Thus, the convictions constitute double jeopardy. *Cogswell* stated the remedy:

> The Louisiana Supreme Court has stated that "[t]o remedy a violation of double jeopardy, this court has followed a procedure of vacating the conviction and sentence of the less severely punishable offense, and affirming the conviction and sentence of the more severely punishable offense." *State ex rel. Adams v. Butler*, 558 So.2d 552, 553 (La.1990).

> In this case, the more severely punishable offenses are the sexual battery violations. A violation of the offense of malfeasance in office has a sentencing range of no more than five years, with or without hard labor. La.R.S. 14:134. An offense of sexual battery provides for a range of imprisonment of not more than ten years, with or without hard labor, and without benefit of parole, probation, or suspension of sentence. La.R.S. 14:43.1(C). Accordingly, the convictions for malfeasance in office are vacated to eliminate the double jeopardy violations suffered by Defendant.

*Id.* at 594.

Pursuant to La.R.S. 14:134(C), malfeasance is punishable by no more than five years with or without hard labor with a potential fine of no more than five thousand dollars. Also, restitution may be ordered. Pursuant to La.R.S. 14:27(D)(3) and La.R.S. 14:80, attempted felony carnal knowledge of a juvenile is punishable by no more than five years with a potential fine of no more than two thousand five hundred dollars. Also, personal property used in the commission of the offense may be seized. La.R.S. 14:80(D). Thus, attempted carnal knowledge

and malfeasance carry the same maximum term, but malfeasance includes a greater fine. Consequently, in the present case, the attempted carnal knowledge conviction must be vacated.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant argues the district court erred by denying his motion for mistrial based on a remark in the State's opening. During said opening, a prosecutor said, "The evidence will show that after the [D]efendant is [sic] caught he request[ed] that [the victim] lie, deny, and delete evidence from her phone." Before making his own opening statement, Defendant's counsel moved for a mistrial based on La.Code Crim.P. art. 767, which states, "The state shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant unless the statement has been previously ruled admissible in the case." In response, the State argues that the statement at issue was "*res gestae*," having been made as part of the commission of the offense, and thus does not fall within the purview of La.Code Crim.P. art. 767. This court has explained:

> Appellant claims the trial court erred in failing to grant a mistrial based on the State's reference to inculpatory statements made by the defendant in the State's opening argument. Reference to inculpatory statements in the State's opening argument is prohibited by La. C.Cr.P. Art. 767. Appellant claims a mistrial is warranted based on this Article.
>
> The portions of the opening statement to which defendant objects read as follows:
>
> The cashier asked him at the time of presentation--presumably, you walk up to the counter with your items. The cashier states, "How will you pay for this, cash, check or change?" The defendant said, "Check", and presented an instrument to the cashier at that time. . . .
>
> What he did, was call back Huard's and said I would like that TV set. Have it delivered to me at a particular place.

8

> The State shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant. La. C.Cr.P. Art. 767. An inculpatory statement is an out-of-court admission of incriminating facts made by the defendant after the crime has been committed. *State v. Reynolds*, 473 So.2d 886 (La.App. 3rd Cir.1985). In *Reynolds*, the State referred in its opening statement to remarks made by the defendant to the victim during the commission of the crime. The court found this was not an inculpatory statement under the provisions of Article 767. The court held defendant's motion for mistrial was correctly denied.
>
> In the instant case, the defendant's statements, which the prosecutor referred to in his opening statement, were made during the commission of the offense. As in *Reynolds*, supra, the statements are not considered to be inculpatory statements because they were not made after the crime had been committed. Consequently, Article 767 does not prohibit the prosecutor from mentioning them in his opening statement. The trial court did not err in denying a mistrial on this ground.

*State v. Hernandez*, 503 So.2d 1181, 1182-83 (La.App. 3 Cir. 1987).

Defendant's remarks or requests were made in the course of the obstruction of justice offense. Thus, in light of *Hernandez*, this assignment lacks merit.

### ASSIGNMENT OF ERROR NUMBER THREE

In his third and final assignment of error, Defendant argues the district court erred by denying his motion in limine and thus allowing evidence of "instant messages" to be admitted at trial without proper authentication. In brief, he focuses on "screen shots" admitted during the victim's testimony. At a hearing on May 20, 2015, Defendant argued his pretrial motion in limine, contending in part that the State would not be able to authenticate any text messages or copies of text messages it might seek to introduce. Defendant's argument at the time appeared to assume that the deleted texts would somehow be retrieved from his own cell phone. However, counsel made reference to "both these phones" later. The State then clarified that it intended to introduce "screen shots" from the victim's phone

9

depicting messages delivered via an application called "Kick." Although the messages were ostensibly from "Joseph Miller," the victim would testify that they were from Defendant. Defendant then argued there was no way to authenticate the messages. He appeared to assume at that point that the deleted messages had been retrieved by some electronic means.

We have found little jurisprudence regarding the authentication or identification of "screen shots," but we note that the victim testified, in effect, that they are analogous to photographs of a cell phone's screen:

Q. Did you delete any messages off your cell phone?

A. Uh - - -

Q. - - wait, let me go back. Do you have Kick on the actual phone?

A. Yes, sir.

Q. Did you delete that app off your phone?

A. No, sir I didn't.

Q. Okay, how was [sic] the messages that you received from this Joseph Miller that you identified Skylar Frank to be memorialized in the phone?

A. I had screen shoted' [sic] them before I deleted them.

Q. What is screen shot, what is that?

A. It's where you take a picture of the screen of the phone. Like the whole screen of the phone.

Q. And so you screen shot'ed [sic] the messages and deleted the actual message.

A. Yes, sir.

Q. But had a picture of the actual message?

A. Yes, sir.

MR. SUMBLER:

May I approach Your Honor?

THE COURT:

Yes, you may.

MR. SUMBLER:

Let the record reflect that I'm handing to the witness what was previously marked State Exhibit 6.

Q.     Do you recognize that?

A.     Yes, I do.

Q.     How do you recognize that?

A.     Because those of [sic] the messages that I screen shot'ed [sic] from the Kick before I deleted them.

Q.     And that particular messages was [sic] sent to a person, Joseph Miller?

A.     The blue ones were sent to Joseph Miller and the white ones were sent to me.

Q.     Okay, and also I see that you have (inaudible) that came from your phone?

A.     All the blue ones came from my phone.

Q.     (Inaudible), matter of fact go through em' right click [sic].

A.     Uh-huh (indicating yes).

Q.     That was those messages fairly depicted [sic] what came off your phone?

A.     Yes, sir.

A police witness, Michael Hebert, characterized "screen shots" similarly.

In the following case, this court discussed the admissibility of photographs and digital photographs:

Defendant also claims that some of the photographs introduced at trial were provided to Defense counsel only a day or two before trial; thus, counsel did not have an opportunity to determine whether they had

11

been retouched. At trial, Defense counsel made essentially the same argument when objecting to a group of digital photographs. We note, however, that a photograph is admissible when a witness, who has personal knowledge of the item depicted, identifies it. *State v. Leggett*, 363 So.2d 434 (La.1978). In the present case, the items depicted in the contested photographs were identified by Nugent [a police officer]. This assignment lacks merit.

*State v. Benedict*, 04-742, p. 12 (La.App. 3 Cir. 11/10/04), 887 So.2d 649, 657.

In the instant case, the "screen shots" were identified by the victim. In light of *Benedict*, this assignment lacks merit.

## DECREE

The conviction and sentence for attempted carnal knowledge of a juvenile are vacated. The remaining convictions and sentences are affirmed. However, the case is remanded to the trial court for establishment of a payment plan for the fees and costs to be determined by the trial court or by Probation and Parole, with approval by the trial court. Additionally, the trial court is instructed to inform Defendant of the correct provisions of article 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-893

STATE OF LOUISIANA

VERSUS

SKYLAR FRANK

**Saunders, J., dissents and assigns written reasons.**

I disagree with the majority's decision to vacate Defendant's conviction and sentence for attempted felony carnal knowledge of a juvenile. First, we must apply the *Blockburger* test. In order to avoid a double jeopardy challenge, under the *Blockburger* test, "each provision [must] require[] proof of additional facts which the other does not."

The two crimes in question, malfeasance and attempted carnal knowledge, do not, according to their definitions, appear to be the same offense. Attempted carnal knowledge occurs when a person, age seventeen or older, attempts to have sexual intercourse,

> with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater.

La.R.S. 14:80; La.R.S. 14:27. It is sufficient that oral sex occurred. La.R.S. 14:80. Malfeasance in office is committed when a public officer intentionally refuses or fails to perform his lawfully required duty or intentionally performs his lawfully required duty in an unlawful way.

On their face, it is clear that there are several elements for attempted carnal knowledge that are not required to convict for malfeasance and vice versa. For

1

example, for malfeasance in office, the State must show that Defendant was a public officer. No such showing is necessary for attempted carnal knowledge. Likewise, for attempted carnal knowledge, Defendant's age is a relevant fact that the State must establish, no such showing is necessary for a malfeasance in office prosecution. Thus, each offense requires proof which the other does not, and this case fails the *Blockburger* test.

Additionally, in order for double jeopardy to apply, we perform the "same evidence" test. This test examines whether "the evidence to support a finding of guilt of one crime would have also supported conviction of the other. . . .The test depends on the evidence necessary for conviction, not all the evidence introduced at trial*." State v. Steele*, 387 So.2d 1175, (La.1980). The concern is that "one should not be punished (or put in jeopardy) twice for the same course of conduct." *Id*.

Here, Defendant lied to the dispatch officer regarding his location, failed to notify the discharge officer of his location, and entered a home without a complaint. The evidence of this conduct would not support a conviction for attempted carnal knowledge. Additionally, there must be evidence that he was a public officer, which also would not support a conviction for attempted carnal knowledge. In the instant matter, it is this conduct on which the jury could have reasonably based a malfeasance conviction and this conduct would not support the conviction for the attempted carnal knowledge charge. In essence, this was not one course of conduct, but two. Defendant lied about his whereabouts to the dispatch officer and entered a home as a police officer without a complaint to serve as the reason to do so. Separately, he engaged in sexual activity with a fifteen year old girl. In this case, to prove he committed malfeasance in office, it was not required

2

to prove that he committed the sexual offenses. Therefore, in my opinion, Defendant's double jeopardy challenge cannot stand and I respectfully dissent.