# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **18th day of October, 2017**, are as follows:

**BY CLARK, J.**:

2016-K -1160        STATE OF LOUISIANA v. SKYLAR FRANK (Parish of Allen)

Accordingly, we take this opportunity to make clear that the protections against double jeopardy mandated by the federal constitution, as restated in this state's constitution, fall within the analytical framework set forth in Blockburger and Louisiana courts need only apply that framework in analyzing questions of double jeopardy. Because no double jeopardy violation is apparent here under Blockburger, we reverse in part the court of appeal and reinstate defendant's conviction and sentence for attempted felony carnal knowledge of a juvenile.
REVERSED IN PART

**SUPREME COURT OF LOUISIANA**

**No. 16-K-1160**

**STATE OF LOUISIANA**

**v.**

**SKYLAR FRANK**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL
THIRD CIRCUIT, PARISH OF ALLEN**

**CLARK, J.**

This case presents the question of whether the court of appeal erred in applying Louisiana's jurisprudential "same evidence" test to find that defendant's conviction for attempted felony carnal knowledge of a juvenile, La.R.S. 14:27 and 14:80, must be set aside in light of his conviction for malfeasance in office, La.R.S. 14:134, because it violates the prohibition against double jeopardy. Finding that no double jeopardy violation occurred, we reinstate defendant's conviction and sentence for attempted felony carnal knowledge of a juvenile. Furthermore, we find no significant difference between U.S. Const. Amend. V and La. Const. art. I, § 15 supporting the notion that Louisiana's constitution affords greater protection against double jeopardy than the federal constitution or requires this state's courts to apply two distinct tests—one federal and one state—to analyze double jeopardy claims. Therefore, Louisiana courts are bound only to apply the standard established by the U.S. Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to protect against double jeopardy and can dispense with Louisiana's separate "same evidence" test.

The State charged defendant, a former Oakdale police officer, with felony carnal knowledge of a juvenile, malfeasance in office, and obstruction of justice. The charges arose from an incident involving 15-year-old B.W. On May 23, 2014, B.W.'s uncle, Thomas Buxton, became concerned when he saw a police unit parked in front of his sister's Allen Parish residence, where he knew his niece was home alone.[1] Mr. Buxton entered the home and found a police gun belt and radio on the living room floor. In B.W.'s bedroom, he found defendant alone with B.W. She was in bed under the covers, and defendant was hiding behind the bedroom door with his shirt untucked and his belt undone.

B.W. first told investigators that defendant went to the residence to force Hesikiah Hayward, her former boyfriend and defendant's cousin, to leave. She claimed Mr. Hayward fled when defendant began searching the home. She later recanted that account and stated that defendant concocted the story about Mr. Hayward. She also admitted that, before her uncle interrupted them, she had performed oral sex on defendant and was about to engage in sexual intercourse with him.

Defendant told investigators he went to the residence to compel Mr. Hayward to leave and found his cousin hiding in a closet. He claimed he did not inform the dispatcher of his location because he did not want Mr. Hayward to get in trouble. He denied any sexual misconduct with B.W.

Mr. Hayward told investigators he was not in the residence at the time of the incident, but had received text messages from B.W., asking him to say he was there when defendant arrived. Text messages on Mr. Hayward's phone confirmed

---

[1] GPS records from defendant's police vehicle confirmed the unit had been parked in front of the residence with the ignition off for 13 minutes. A police dispatcher testified defendant (who was on-duty at the time) had not been dispatched there, and he did not call-in his location pursuant to protocol.

this account.[2] Defendant had instructed B.W. to delete the relevant text messages on her cell phone.

An Allen Parish jury found defendant guilty of attempted felony carnal knowledge of a juvenile, malfeasance in office, and obstruction of justice.[3] The trial court sentenced him to four years imprisonment at hard labor (with all but one year suspended) on each conviction and ran the sentences concurrently.[4]

The court of appeal affirmed in part, vacated in part, and remanded for establishment of a payment plan for costs and fees. *State v. Frank*, 15-0893 (La. App. 3 Cir. 5/25/16), 192 So.3d 888. The majority vacated defendant's conviction for attempted felony carnal knowledge of a juvenile because it found that punishing defendant for that conviction and the malfeasance in office conviction violated double jeopardy, pursuant to this state's "same evidence" test. *Frank*, 15-0893, pp. 4–8, 192 So.3d at 891–93. In reaching that conclusion, the majority relied on, *inter alia*, the state's comment during closing argument that "[a]nd lastly we've proven beyond a reasonable doubt the third element of Malfeasance in Office through the testimony of [B.W.] saying that she performed oral sex on the defendant while he was on duty." *Frank*, 15-0893, p. 7, 192 So.3d at 893.

Under *Blockburger*, there is no obstacle to convicting defendant of, and punishing him for, both attempted felony carnal knowledge and malfeasance in office. As noted by Judge Saunders in his dissent:

> The two crimes in question, malfeasance and attempted carnal knowledge, do not, according to their definitions, appear to be the same offense. Attempted carnal knowledge occurs when a person, age seventeen or older, attempts to have sexual intercourse,

---

[2] The state also presented evidence that defendant communicated extensively with B.W. via messaging application "Kik" under an assumed name.

[3] The obstruction of justice conviction is not at issue on appeal.

[4] The trial court also imposed a $2000 fine for each conviction.

> with consent, with a person who is thirteen years of age
> or older but less than seventeen years of age, when the
> victim is not the spouse of the offender and when the
> difference between the age of the victim and the age of
> the offender is four years or greater.

La.R.S. 14:80; La.R.S. 14:27. It is sufficient that oral sex occurred. La.R.S. 14:80. Malfeasance in office is committed when a public officer intentionally refuses or fails to perform his lawfully required duty or intentionally performs his lawfully required duty in an unlawful way.

On their face, it is clear that there are several elements for attempted carnal knowledge that are not required to convict for malfeasance and vice versa. For example, for malfeasance in office, the State must show that Defendant was a public officer. No such showing is necessary for attempted carnal knowledge. Likewise, for attempted carnal knowledge, Defendant's age is a relevant fact that the State must establish, no such showing is necessary for a malfeasance in office prosecution. Thus, each offense requires proof which the other does not, and this case fails the *Blockburger* test.

*Frank*, 15-0893, pp. 1–2, 192 So.3d at 896.

The present case arises, however, because Louisiana has also applied a "same evidence" test in addition to the *Blockburger* test. The impact of the "same evidence" test on this state's double jeopardy jurisprudence has not gone without criticism. Judge Drew in particular succinctly illuminated the problem with this troublesome test:

> Three out of every four states settle Fifth Amendment claims of double jeopardy by simply applying the precepts of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), wherein a defendant can be convicted of two offenses arising out of the same criminal incident if each crime contains an element not found in the other. This is a straightforward test.

> In Louisiana, courts are required to also add a murky "same evidence" test, which few understand, and none can clearly explain. This double whammy has lead to inconsistent results and wildly uneven double jeopardy analyses. *Blockburger, supra*, has been the gold standard for 80 years. It is more than sufficient to afford protection against double jeopardy under the Fifth Amendment.

*State v. Balentine*, 47,858, pp. 2–3 (La. App. 2 Cir. 7/10/13), 119 So.3d 979, 985–86 (Drew, J., dissenting) (footnote omitted).

4

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."[5] The Supreme Court has determined that this clause protects against a second prosecution for the same offence after acquittal, *Ball v. United States*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), against a second prosecution for the same offense after conviction, *Ex parte Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), and against multiple punishments for the same offense, *Ex parte Lange*, 85 U.S. 163, 21 L.Ed. 872, 18 Wall. 163 (1873). The scope of these protections depends on the meaning of "the same offence."

According to Justice Brennan's concurrence in *Ashe v. Swenson*, 397 U.S. 436, 451, 90 S.Ct. 1189, 1198, 25 L.Ed.2d 469 (1970), various "same evidence" tests for determining "same offence" developed in the common law, first appearing in *The King v. Vandercomb*, 2 Leach 708, 720, 168 Eng.Rep. 455, 461 (Crown 1796), and were eventually adopted by a majority of U.S. jurisdictions. One particularly influential version of the "same evidence" test was adopted by Massachusetts and expressed as follows:

> A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offence. A single act may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Morey v. Commonwealth*, 108 Mass. 433, 435 (Mass. 1871).[6] The U.S. Supreme

---

[5] Similarly, La. Const. Art. 1, § 15 provides, "No person shall be twice placed in jeopardy for the same offense, except on his application for a new trial, when a mistrial is declared, or when a motion in arrest of judgment is sustained."

[6] Applying this test, the Massachusetts Supreme Judicial Court found that a conviction for lewd and lascivious cohabitation did not bar subsequent indictment for adultery although

Court essentially adopted the *Morey* test in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):[7]

> Each of the offenses created requires proof of a different element. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Gavieres v. United States*, 220 U. S. 338, 342, 31 S. Ct. 421, 55 L. Ed. 489 [(1911)], and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Commonwealth*, 108 Mass. 433: "A single act may be an offense [sic] against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Compare *Albrecht v. United States*, 273 U. S. 1, 11, 12, 47 S. Ct. 250, 71 L. Ed. 505 [(1927)], and cases there cited. Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed.

The double jeopardy prohibition of the Fifth Amendment applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). It also applies to different levels of

---

based on the same acts of unlawful intercourse:

> The case now before us cannot be distinguished in principle from those just cited. The indictment for lewd and lascivious cohabitation contained no averment and required no proof that either of the parties was married, but did require proof that they dwelt or lived together, and would not be supported by proof of a single secret act of unlawful intercourse. *Commonwealth v. Calef*, 10 Mass. 153. The indictment for adultery alleged and required proof that the plaintiff in error was married to another woman, and would be satisfied by proof of that fact and of a single act of unlawful intercourse. Proof of unlawful intercourse was indeed necessary to support each indictment. But the plaintiff in error could not have been convicted upon the first indictment by proof of such intercourse and of his marriage, without proof of continuous unlawful cohabitation; nor upon the second indictment by proof of such cohabitation, without proof of his marriage. Full proof of the offence charged in either indictment would not therefore of itself have warranted any conviction upon the other. The necessary consequence is, that, assuming that proof of the same act or acts of unlawful intercourse was introduced on the trial of both indictments, the conviction upon the first indictment was no bar to a conviction and sentence upon the second; and that there is no error in the judgment, for which it can be reversed.

*Id.* at 435–36.

[7] The U.S. Supreme Court found in *Blockburger* that defendant could be prosecuted for two offenses arising from a single drug transaction: sale of morphine hydrochloride not in its original stamped package and sale of morphine hydrochloride without a written purchase order.

courts within a state. *Waller v. Florida*, 397 U.S. 387, 394–95, 90 S.Ct. 1184, 1188–89, 25 L.Ed.2d 435 (1970) (conviction in city court barred felony prosecution for same offense in state court). Thus, Louisiana courts are constitutionally required to apply *Blockburger*.

Louisiana courts have to some extent, however, viewed *Blockburger* as a constitutional minimum that is supplemented by a heightened protection against double jeopardy afforded under Louisiana law. That view has never been adequately grounded in any textual difference between this state's and federal constitutional provisions. Generally, the jurisprudence of double jeopardy in Louisiana and federal courts stem from the same common law sources and have always remained tightly synchronized with one exception, discussed below.

The *Blockburger* test is often characterized as a "distinct fact" test to distinguish it from the "same evidence" test that preceded it in Louisiana. Louisiana expressed the pre-*Blockburger* "same evidence" test as follows (in the context of two prosecutions arising from one act of transporting gin and wine between parishes):

> The gravamen or the essence of the offense against the state was the possession and transportation of the liquor. The line dividing the parishes, from which and into which defendant transported the liquor, formed no essential element of the offense. The only importance the parish line could have in the matter would be for the determination of the question of venue or jurisdiction.
>
> In Marr's Criminal Jurisprudence, p. 580, it is said that identity of the offense is an essential element in support of a plea of autre fois. By this is not meant formal, technical, absolute identity; the rule is that there must be only substantial identity, that the evidence necessary to support the second indictment would have been sufficient for the first. In the instant case there was not only substantial identity, but the identity of the possession and the transportation in the two parishes of the same liquor was absolute and conclusive. *No more and no different evidence was required to support the charge in Bossier than was necessary to make out the case in Red River.*

---

*Id.*, 284 U.S. at 303–04, 52 S.Ct. at 182.

7

*State v. Roberts*, 152 La. 283, 286–87, 93 So. 95, 96–97 (1922) (emphasis added). Notably, this pre-*Blockburger* test involving "no more and no different evidence" necessary to support both charges is quite similar to the initial pronouncement at the outset of *Morey (i.e.,* "[T]he evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other."). The U.S. Supreme Court in *Blockburger*, however, adopted the "additional fact" language that appears later in *Morey* (and is reproduced above). Nonetheless, there is no reason to believe that the Massachusetts Supreme Judicial Court intended to articulate two different tests in *Morey*; instead, that court used slightly different language to expound upon a singular concept. Nonetheless, that court's exposition formed the basis of two, distinct tests as the *Blockburger* and the "same evidence" tests in this state.

In *State v. Didier*, 262 La. 364, 374–76, 263 So.2d 322, 326–27 (1972), this Court determined that the legislature had codified the jurisprudential standard set forth in *Roberts*, *supra*, in La.C.Cr.P. art. 596.[8] This Court subsequently opined that "[t]he 'same evidence test' is somewhat broader in concept than *Blockburger*, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct." *State v. Steele*, 387 So.2d 1175, 1177 (La. 1980). The *Steele* court cited no authority for that conclusion and provided no further explanation, but may have had *State ex rel. Wikberg v. Henderson*, 292 So.2d 505, 508-09 (1974) in mind.

---

[8] La.C.Cr.P. art. 596 provides:

> Double jeopardy exists in a second trial only when the charge in that trial is:
>
> (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
>
> (2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.

8

In *Wikberg*, the majority, despite stating that the *Blockburger* test is not much different than the test traditionally used in Louisiana, *see Wikberg*, 292 So.2d at 508–09, engaged in a broader analysis to find that convicting a defendant for attempted armed robbery following a conviction for felony-murder arising out of the same incident violated the prohibition against double jeopardy. The majority based its conclusion on the belief that the enumerated felony underlying a felony-murder charge operates much like a lesser responsive charge while not technically amounting to such:

> Of course, an essential element of the state's proof of felony-murder is the commission or attempted perpetration of the enumerated felony. The enumerated felony is therefore a different grade of the same offense (or an included offense) for double jeopardy purposes. *See* C.Cr.P. Art. 596.

> In most cases, the lesser grade or included offense is generically the same as the more severe crime charge, *e.g.*, armed robbery and theft. In the case of felony-murder and felony-manslaughter, however, generically different offenses such as armed robbery and murder are combined into a single offense through a legal fiction, which fiction relieves the state of proving intent to kill or inflict great bodily harm. This difference may account for some of the confusion in the jurisprudence dealing with felony-murder and double jeopardy.

*Wikberg*, 292 So.2d at 509. The majority noted that the legislature enacted Article 596 without the "responsiveness" requirement of former Article 279 of the 1928 Code of Criminal Procedure and thereby "broadened" the protection of the article, which view may have inspired the statement in *Steele* that Louisiana law is "somewhat broader" than *Blockburger*. *See Wikberg*, 292 So.2d at 510. Chief Justice Sanders' dissent in *Wikberg* clearly perceived the majority as utilizing a broader test than used previously in Louisiana or federal courts. *See Wikberg*, 292 So.2d at 513-14. Regardless, the U.S. Supreme Court subsequently found in *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (citations omitted) that "[w]hen . . . conviction of a greater crime, [felony murder], cannot be

9

had without conviction of the lesser crime, [in this case] robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime, after conviction of the greater one." Therefore, *Harris* healed the brief schism between federal and Louisiana double jeopardy jurisprudence. The concept that Louisiana must utilize a second, broader double jeopardy analysis, however, took root well beyond the context of Article 596 and felony murder in which it arose.

Thus, Louisiana's anticipation of U.S. Supreme Court double jeopardy jurisprudence (and specifically the notion that the Double Jeopardy Clause bars prosecution for the underlying felony after a conviction for felony murder) has led to the present state of the jurisprudence denounced by Judge Drew's insightful dissent in *Balentine*, which is perceived as a two-stage process in which a lesser federally-mandated standard is first applied followed by the application of heightened state standard. These two levels of protection, however, are not grounded in any substantive difference in the constitutional texts. *Compare* U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb.") *with* La. Const. Art. I, § 15 ("No person shall be twice placed in jeopardy for the same offense, . . . ."). Accordingly, we take this opportunity to make clear that the protections against double jeopardy mandated by the federal constitution, as restated in this state's constitution, fall within the analytical framework set forth in *Blockburger* and Louisiana courts need only apply that framework in analyzing questions of double jeopardy. Because no double jeopardy violation is apparent here under *Blockburger*,[9] we reverse in part the court of appeal and reinstate defendant's conviction and sentence for attempted

---

[9] Defendant appears to concede there is no obstacle presented here by *Blockburger*. *See* Brief in Opposition, p. 6 ("It is not argued that the language in the two statutes at issue—malfeasance in office and attempted felony carnal knowledge of a juvenile—reveals a double jeopardy violation by virtue of the strict 'Blockburger' distinct fact test, but the inquiry does not end there.").

felony carnal knowledge of a juvenile.[10]

**REVERSED IN PART**

---

[10] Because we dispense with the "same evidence" test, we need not resolve the disagreement between the majority and dissent in the court below as to its correct application here.